**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 12-2355

RHINA SARAVIA; ROSA MARIA GAMEZ; PHILLIP R. MURRAY, as
Personal Representative of the Estate of Decedent, Jose
Fernando Gamez,

Plaintiffs – Appellants,

v.

DE YUE CHEN; NEW CENTURY TRAVEL, INC.,

Defendants - Appellees.

Appeal from the United States District Court for the District of
Maryland, at Greenbelt.  William Connelly, Magistrate Judge.
(8:10-cv-00832-WGC)

Submitted:  May 31, 2013                Decided:  June 10, 2013

Before NIEMEYER, DAVIS, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Victor E. Long, Patrick M. Regan, REGAN ZAMBRI LONG & BERTRAM,
Washington, D.C., for Appellants. Warren D. Stephens, DECARO,
DORAN, SICILIANO, GALLAGHER & DEBLASIS, LLP, Bowie, Maryland,
for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Rhina Saravia, Rosa Maria Gamez, and Phillip R. Murray appeal the district court's[1] order granting summary judgment to Defendants in this negligence and wrongful death action. Appellants filed this action seeking damages based on the alleged negligence of New Century Travel, Inc., and its employee, De Yue Chen, in connection with a fatal automobile accident that resulted in the death of Jose Fernando Gamez ("Gamez"). On appeal, Appellants primarily argue that the district court erred in granting summary judgment upon concluding that Gamez's contributory negligence barred recovery.[2] Specifically, Saravia contends: (1) the district court did not draw all reasonable inferences in her favor; (2) under Maryland case law, the issue of contributory negligence is for a jury to decide; (3) the district court erred in concluding that Gamez's violation of multiple state statutes established his contributory negligence; and (4) the district court failed to apply a presumption of reasonableness to Gamez's conduct.

---

[1] The parties here consented to the jurisdiction of the magistrate judge, in accordance with 28 U.S.C. § 636(c) (2006).

[2] Saravia also complains that the district court, in assessing Gamez's contributory negligence, erred by assuming that Gamez's truck was stopped in middle rather than the far right portion of the travel lane. Because this issue is irrelevant to our analysis, we do not address it.

Finally, Appellants contend that the doctrine of last clear chance vitiates the effect of any contributory negligence by Gamez. Finding no error, we affirm.

We review a district court's grant of summary judgment de novo, drawing reasonable inferences in the light most favorable to the nonmoving party. PBM Prods., LLC v. Mead Johnson & Co., 639 F.3d 111, 119 (4th Cir. 2011). Summary judgment may be granted where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

In this diversity action, we apply the substantive law of Maryland, the forum state. Erie R.R. Co. v. Tompkins, 304 U.S. 64, 78 (1938). Under Maryland law, a plaintiff who is contributorily negligent is barred from recovery in tort. See Batten v. Michel, 292 A.2d 707, 711-12 (Md. Ct. Spec. App. 1972) ("Contributory negligence, if present, defeats recovery because it is the proximate cause of the accident."). Contributory negligence is defined as "the failure to observe ordinary care for one's own safety. It is the doing of something that a person of ordinary prudence would not do, or the failure to do something that a person of ordinary prudence would do, under the circumstances." Menish v. Pollinger Co., 356 A.2d 233, 236 (Md. 1976) (internal quotation marks omitted). Where the evidence

3

shows "some prominent and decisive act which directly contributed to the accident and which was of such a character as to leave no room for difference of opinion thereon by reasonable minds," contributory negligence is not a jury issue. Id. at 238, 240 (holding trial judge properly found contributory evidence as a matter of law).

After review of the record and the parties' briefs, we conclude that the district court, based on the undisputed evidence, properly concluded that Gamez failed to observe ordinary care for his own safety when he alighted from his truck in a travel lane of a major highway, at night, in an unlit area, and proceeded to walk around the vehicle. Because Gamez's failure to exercise due care proximately contributed to the accident, the district court properly concluded that Defendants were entitled to summary judgment.

Further, we find that the last clear chance doctrine is inapplicable in this case. Under Maryland law, the doctrine of last clear chance allows a contributorily negligent plaintiff to recover damages from a negligent defendant when "the plaintiff makes a showing of something new or sequential, which affords the defendant a fresh opportunity (of which he fails to avail himself) to avert the consequences of his original negligence." Wooldridge v. Price, 966 A.2d 955, 961 (Md. Ct. Spec. App. 2009). But "[w]here the negligence of the plaintiff

4

and defendant are concurrent in time or where the lack of a fresh opportunity is caused by the defendant's preexisting negligence, the defendant has no last clear chance," and the doctrine is inapplicable. <u>Kassama v. Magat</u>, 792 A.2d 1102, 1114 n.12 (Md. 2002).

Here, assuming negligent conduct on Chen's part, Appellants have failed to identify a new event that would have given Chen a fresh opportunity to avert the consequences of any negligence on his part and Gamez's contributory negligence. Gamez was still in the road next to his truck when the bus struck him, and thus his contributory negligence was ongoing. Finally, any negligence on Chen's part and Gamez's contributory negligence were simultaneous and not sequential, thus providing no fresh opportunity for Chen to avoid the accident. Therefore, the district court properly found the last clear chance doctrine inapplicable.

Accordingly, we affirm the district court's grant of summary judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>

5